**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LOUIS D. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-06-756-HE |
| | ) | |
| DOCTOR STITES and | ) | |
| G. BOND, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Louis D. Martin instituted this action pursuant to 42 U.S.C. § 1983, alleging his Eighth and Fourteenth Amendment rights were violated while he was at the Lexington Assessment & Reception Center ("LARC") under the care of Defendant Stites, a physician employed by the Department of Corrections ("DOC").  Defendant Bond, another DOC employee, is the Health Administrator at LARC.  The plaintiff contends that upon his arrival at LARC defendant Stites discontinued pain medication he had previously been prescribed, despite his complaints about groin pain.  He claims the lack of medication caused him to fall and sustain serious injuries.  He asserts that after the fall he was not seen by the doctor's assistant or given any medication. The plaintiff alleges that defendant Bond failed to intervene on his behalf with respect to Dr. Stites' treatment decisions.  He seeks compensatory and punitive damages and the restoration of lost earned credits.

Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo, who recommends that a motion to dismiss or, alternatively, for summary judgment filed by the defendants be granted.  The plaintiff has

filed an objection.

The magistrate judge concluded the plaintiff's claim for restoration of good-time credits should be dismissed, as a prisoner must seek reinstatement of good-time credits in a habeas, not a § 1983, action. He also determined that to the extent the plaintiff was suing the defendants in their official capacities his claims were barred by the Eleventh Amendment.[1] He then proceeded to determine whether the defendants were entitled to summary judgment on the plaintiff's remaining claims under the standard set by Fed.R.Civ.P. 56(c).

The magistrate judge found the plaintiff's claims against defendant Stites in his individual capacity to be deficient because of the lack of evidence that the doctor was aware of and disregarded the plaintiff's serious medical needs. He noted that the medical records (the DOC Progress Notes), did not reflect that the plaintiff had complained to defendant Stites about groin pain, or that he otherwise knew of the problem. What the records did show, however, was that while the plaintiff, prior to his transfer to LARC, had been prescribed Neurontin for pain, he was not taking it. Special Report, Attachment 3, p. 2. The magistrate judge concluded the plaintiff failed to demonstrate that the physician "was aware of facts from which he could infer that a substantial risk of serious harm to Plaintiff existed if the pain prescription was discontinued," or "was aware that Plaintiff would be at an increased risk for falling if the pain prescription was terminated." Report and Recommendation, pp. 12, 13.

---

[1] *Except for his claim for reinstatement of his good-time credits, the plaintiff seeks only monetary relief.*

The magistrate judge also determined that the plaintiff had not come forth with evidence sufficient to support a claim that Dr. Stites had interfered with or delayed his medical treatment by discontinuing his pain medication. Similarly, he rejected, for lack of proof, the plaintiff's claim that Dr. Stites or any other LARC medical personnel were aware of and ignored any serious medical needs resulting from the plaintiff's fall. In this regard he cited the absence of any evidence that either defendant Stites or defendant Bond was personally involved in "providing or failing to provide treatment for plaintiff's shoulder injury, which is an essential element of Plaintiff's claims." Report and Recommendation, p. 16.

A lack of proof was also the basis for the magistrate judge's conclusion that defendant Bond was entitled to summary judgment on the plaintiff's § 1983 claims. The plaintiff failed, Magistrate Judge found, to show that defendant Bond personally participated in the alleged constitutional deprivation. He noted she did not (and could not, as she was not a physician) make any treatment decisions or provide medical care. The plaintiff did not focus on his claims against Ms. Bond in his objection, but the court concurs that his claims against her lack an evidentiary basis. Even if she could have taken some action when the plaintiff asked her to intervene, the record does not reflect that she acted with the required mens rea – with a culpable state of mind.

The plaintiff's principal objections are to Magistrate Judge Argo's findings with respect to his claims against Doctor Stites. He contends the magistrate judge did not review his evidence, particularly his sworn affidavit.

The Eighth Amendment protects prisoners from deliberate indifference to serious medical needs. Lopez v. LeMaster, 172 F.3d 756, 764 (10th Cir.1999). Deliberate indifference is less than the intentional and malicious infliction of injury, but requires a higher degree of fault than negligence or gross negligence. Barrie v. Grand County, Utah, 119 F.3d 862, 869 (10th Cir. 1997). The court has reviewed the plaintiff's evidentiary submissions, including his affidavits, Response, Exhibit 5, but finds them insufficient to create a jury question as to whether Doctor Stites was deliberately indifferent – more than merely negligent – to his serious medical needs. The record evidence does not demonstrate the existence of a fact question as to whether Doctor Stites both knew of and disregarded an excessive risk to the plaintiff's health or safety. What the record does show is that the plaintiff disagreed with the defendant's prescribed treatment. That, however, does not amount to an Eighth Amendment violation.

The court has conducted a de novo review, agrees with the magistrate judge's findings and conclusions, and adopts his Report and Recommendation. The defendants' motion [Doc. #29] is **GRANTED**. The plaintiff's claim for restoration of his good-time credits and any claim he may have asserted against the defendants in their official capacities are **DISMISSED**. Summary judgment is **GRANTED** in the defendants' favor on the plaintiff's remaining claims.[2]

---

[2]*The court agrees with the magistrate judge that because of the disposition of the plaintiff's claims, the defendants' qualified immunity defense need not be addressed.*

**IT IS SO ORDERED**.

Dated this 25th day of June, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE